**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| GBX FUND INVESTMENT 2022 LLC ) <br> 2101 Superior Avenue ) <br> Cleveland, Ohio 44114 ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> 950 Pennsylvania Avenue, N.W. ) <br> Washington, DC 20220 ) <br> ) <br> ALSO SERVE: ) <br> UNITED STATES OF AMERICA, ) <br> c/o Office of the United States Attorney ) <br> United States Court House ) <br> 801 West Superior Avenue; Suite 400 ) <br> Cleveland, Ohio 44113-1852 ) <br> ) <br> and ) <br> ) <br> DEPARTMENT OF THE TREASURY, ) <br> 150 Pennsylvania Avenue, N.W. ) <br> Washington, DC  20220 ) <br> ) <br> and ) <br> ) <br> INTERNAL REVENUE SERVICE, ) <br> 1111 Constitution Avenue, N.W. ) <br> Washington, DC 20004 ) <br> ) <br> ) <br> Defendants. ) | CIVIL CASE NO.: <br><br> JUDGE: <br><br><br><br><br><br><br><br> **VERIFIED COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF** |

Plaintiff GBX Fund Investment 2022 LLC (hereinafter "Plaintiff") brings this action for injunctive and declaratory relief and states as follows:

1

**SUMMARY OF THE CASE**

1. Internal Revenue Service Notice 2017-10, attached as Exhibit 1, requires taxpayers and material advisors to report information about certain transactions involving a charitable contribution of a conservation easement.

2. The consequences for noncompliance include both civil penalties and criminal prosecution.

3. Before an agency may promulgate a regulation that has the force of law, the Administrative Procedure Act, 5 U.S.C. §§ 551, 553-59, 701-06 ("APA") requires the agency to publish a notice about the proposed rule, allow the public to comment on the rule and, after considering the comments, make appropriate changes and include in the final rule a concise general statement of its contents (the "notice-and-comment procedures").

4. The Department of the Treasury ("Treasury") and Internal Revenue Service ("IRS") did not follow these notice-and-comment procedures when it issued Notice 2017-10.

5. Plaintiff seeks entry of a judgment declaring that Notice 2017-10 is unlawful and an injunction enjoining its enforcement as to Plaintiff and its direct and indirect investors.

6. This court is bound by the recent decision of the United States Court of Appeals for the Sixth Circuit in *Mann Construction, Inc. v. United States*, No. 21-1500 (Mar. 3, 2022), which determined that Treasury failed to follow the notice-and-comment procedures in a similar notice.

7. Defendants conceded in a similar case before this court that Treasury and the IRS failed to follow notice-and-comment procedures when it promulgated Notice 2017-10, and that under *Mann Construction*, Notice 2017-10 must be set aside. *See GBX Associates, LLC v. United States*, Case No. 1:22cv401 (N.D. Ohio).

8. This court then determined that in circumstances like Plaintiff's, the court would not grant universal vacatur of Notice 2017-10, but would set aside Notice 2017-10 as to individual plaintiffs. *See GBX Associates, LLC*, order dated November 14, 2022 (hereinafter, the "Order"). The United States Tax Court recently decided, based on *Mann Construction*, that Notice 2017-10 is invalid, that it would be set aside for the individual taxpayer, and that the Court intended to set it aside for other taxpayers so affected. *Green Valley Investors, LLC v. Commissioner*, 159 T.C. No. 5 (2022).

9. The Order has forced Plaintiff and others to file on a case-by-case basis for vacatur of Notice 2017-10 where, as here, Tax Court deficiency jurisdiction is unavailable.

10. Plaintiff is suffering and will continue to suffer irreparable harm without an injunction because compliance with the obligations triggered by Notice 2017-10 involves significant time and expense, and the stigma of being involved in transactions described as tax avoidance transactions in Notice 2017-10 damages Plaintiff's business.

11. The public interest is best served by requiring agencies to obey Congressionally mandated procedures when promulgating rules that have the force of law and carry both civil and criminal sanctions.

## PARTIES, JURISDICTION AND VENUE

12. Plaintiff GBX Fund Investment 2022 LLC is a limited liability company with its headquarters located at 2101 Superior Avenue, Cleveland, Ohio.

13. Defendants are the United States of America; one of its administrative agencies, the Treasury; and a bureau of Treasury, the IRS.

14. This Court has jurisdiction over this cause of action pursuant to 28 U.S.C. §1331, 28 U.S.C. § 1346(a)(2), 28 U.S.C. § 2201 and the APA, 5 U.S.C. §702.

15. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(e)(1)(C).

## BACKGROUND AND FACTS

16. Plaintiff is a real estate investment fund that focuses on the acquisition, preservation and rehabilitation of historic buildings in urban centers around the country.

17. To assemble the capital required to make these historic buildings contributing assets to the community, Plaintiff utilizes a variety of federal, state and local tax incentives.

18. Congress created two tax incentives related to the rehabilitation and preservation of historic buildings: rehabilitation credits, known as Historic Tax Credits, in 26 U.S.C. § 47, and a tax deduction for the charitable contribution of an easement that preserves the historic character of a certified historic structure, known as an Historic Preservation Easement, in 26 U.S.C. § 170(h).

19. As the IRS has acknowledged, "Congress wanted to encourage both the rehabilitation of historic structures and the granting of facade easements and provided tax incentives to encourage both." Rev. Rul. 89-90, 1989-2 C.B.

20. A Historic Preservation Easement is a "qualified real property interest" described in 26 U.S.C. § 170(h).

21. The Internal Revenue Code allows a deduction for a qualified conservation contribution, which is a contribution of a qualified real property interest to a qualified organization exclusively for conservation purposes. 26 U.S.C. §§ 170(f)(3)(B)(iii), 170(h)(1)-(5).

22. To utilize this incentive and to generate the capital necessary to acquire, preserve and rehabilitate historic buildings, investors invest capital in Plaintiff, which in turn invests in real estate projects; as a pass-through entity, Plaintiff then passes through to investors allocations of income and deductions, including any deductions attributable to Historic Preservation Easements.

23. On December 23, 2016, without first providing any notice to the public or soliciting comments from the public, Treasury and the IRS released Notice 2017-10, entitled "Listing Notice--Syndicated Conservation Easement Transactions."

24. Notice 2017-10 identifies syndicated conservation easement transactions and any substantially similar transactions as "listed transactions" for purposes of 26 U.S.C. §§ 6111 and 6112 and 26 C.F.R. § 1.6011-4(b)(2).

25. This designation as a "listed transaction" imposes reporting and recordkeeping requirements on taxpayers who participate in the transaction and on material advisors. 26 U.SC. §§ 6111, 6112.

26. Notice 2017-10 specifies that participants in the transaction "include, but are not limited to, investors, the pass-through entity (any tier, if multiple tiers are involved in the transaction), or any other person whose tax return reflects tax consequences or a tax strategy described" in the Notice.

27. The required reporting for participants is done on IRS Form 8886, Reportable Transaction Disclosure Statement, which must be included with the taxpayer's income tax return and separately submitted to the IRS Office of Tax Shelter Analysis.

28. The instructions to Form 8886 estimate that the burden of completing it is, on average, 21 hours and 31 minutes.

29. Each taxpayer required by Notice 2017-10 to file Form 8886 who fails to do so faces a civil penalty of up to $100,000 or $200,000, depending on whether they are natural persons. 26 U.S.C. § 6707A(b)(2)(A).

30. Any person required by Notice 2017-10 to file Form 8886 who "willfully" fails to do so also faces criminal sanctions of fines and up to one year in prison for each unfiled form. 26 U.S.C. § 7203.

31. In addition to the federal reporting obligations, several states have laws that impose reporting obligations that are triggered by the IRS's "listed transaction" designation. As a result, both participants and advisors must file disclosures with state revenue departments or face penalties for their failure to do so.

32. Plaintiff is a pass-through entity with respect to Historic Preservation Easement transactions that the IRS considers substantially similar to the listed transaction described in Notice 2017-10.

33. While Plaintiff believes that it is distinguishable from the listed transaction described in Notice 2017-10 and is not a tax avoidance transaction, the penalties for non-compliance with Notice 2017-10 are so extreme that Plaintiff works diligently to comply on a protective basis with all of the reporting and list maintenance requirements arising from the Notice.

34. Plaintiff spends significant time and money complying with the onerous requirements Notice 2017-10 imposes on Plaintiff as a pass-through entity and participant, and on the project partnerships it owns and manages.

35. Plaintiff also spends significant time and money providing information to its investors who invest in Plaintiff and to the tax professionals who work with material advisors and investors.

36. Plaintiff pays outside advisors for guidance on compliance with Notice 2017-10 and review of related forms, such as Forms 8886, that must be filed with the IRS.

37. There is no mechanism for Plaintiff to recover the economic costs associated with complying with Notice 2017-10 and Plaintiff cannot stop incurring these costs without risking criminal prosecution unless and until the Court declares Notice 2017-10 unlawful and sets it aside as to Plaintiff and its direct and indirect investors.

38. In addition, Plaintiff has suffered and continues to suffer reputational harm because Notice 2017-10 improperly declares the investment opportunities it offers and the real estate development projects it undertakes to be tax avoidance transactions.

## CAUSE OF ACTION

**Violation of the APA's Notice-and-Comment Rulemaking Requirement**
**(5 U.S.C. § 553)**

39. Plaintiff repeats and realleges paragraphs 1-38 of this complaint.

40. The APA provides that "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof." 5 U.S.C. § 702.

41. The APA also authorizes this Court to "hold unlawful and set aside agency action, findings, and conclusions found to be … without observance of procedure required by law." 5 U.S.C. § 706(2)(D).

42. "Agency action" includes the whole or part of an agency rule, order, license, sanction, relief, or the equivalent or denial thereof, or failure to act. 5 U.S.C. § 551(13).

43. The IRS and Treasury are each an "agency" within the definition of the APA. 5 U.S.C. § 551(1).

44. Pursuant to the APA, certain "rules" promulgated by an agency must be published in accordance with notice-and-comment procedures. 5 U.S.C. § 553.

45. "Rule" is defined as, "the whole or a part of an agency statement of general or particular applicability and future effect designed to implement, interpret, or prescribe law or policy." 5 U.S.C. § 551(4).

46. Notice 2017-10 is a "rule" within the definition of the APA. 5 U.S.C. § 551(4).

47. Because Notice 2017-10 is a "rule" under the APA, the IRS was required to issue a notice of proposed rulemaking in advance of its effective date, to allow interested persons an opportunity to make written submissions and comments, to consider those submissions and comments in the final rule, and to include in the final rule a "concise general statement of [its] basis and purpose." 5 U.S.C. § 553.

48. The IRS did not comply with the notice-and-comment procedures when it issued Notice 2017-10.

49. Notice 2017-10 constitutes a "substantive" or "legislative-type" rule subject to the APA's notice-and-comment procedures as a matter of law. *See* 5 U.S.C. § 553.

50. Notice 2017-10 has the force and effect of law.

51. Notice 2017-10 creates new substantive duties, the violations of which prompt exposure to financial penalties and criminal sanctions.

52. Notice 2017-10 is not an "interpretive rule" under 5 U.S.C. § 553(b)(3)(A).

53. Notice 2017-10 omits any finding of good cause "that notice and public procedure thereon are impracticable, unnecessary, or contrary to the public interest" or "brief statement of the reasons therefor." 5 U.S.C. § 553(b)(3)(B).

54. Congress did not expressly exempt the IRS from notice-and-comment procedures required by the APA.

55. Notice 2017-10 is unlawful because the IRS and Treasury failed to comply with the notice-and-comment procedures and there is no applicable exception to those requirements.

56. The United States Tax Court and this Court have found Notice 2017-10 to be unlawful because of Treasury's failure to comply with notice-and-comment procedures.

57. Compliance with Notice 2017-10 has and will continue to injure Plaintiff, subjecting it to onerous reporting and recordkeeping requirements as well as reputational harm.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court provide the following relief:

i. Declare Notice 2017-10 unlawful and set it aside as to Plaintiff and its direct and indirect investors;

ii. Permanently enjoin enforcement of Notice 2017-10 as to Plaintiff and its direct and indirect investors; and

iii. Order all other relief to which Plaintiff may be entitled, including an award of attorneys' fees and costs.

Respectfully submitted,

**CRITCHFIELD, CRITCHFIELD & JOHNSTON, LTD.**

By: /s/ *Eric T. Michener*
Eric T. Michener (S.Ct. #0074559)
225 North Market Street; P.O. Box 599
Wooster, Ohio 44691
Phone: (330) 264-4444
Fax: (330) 263-9278
E-mail: michener@ccj.com

*Attorney for Plaintiff GBX Fund Investment 2022 LLC*

## **VERIFICATION**

ANDREW J. SPARACIA, Chief Executive Officer and Manager of GBX Fund Management, Ltd., Manager of Plaintiff GBX Fund Investment 2022 LLC, in accordance with 28 U.S.C. § 1746, hereby verifies under penalty of perjury under the laws of the United States that the factual allegations set forth in this complaint, as differentiated from legal representations and conclusions included herein, are true and correct to the best of my knowledge and belief.

                                                                Andrew J. Sparacia

Executed on: November 15, 2022        /s/ *Andrew J. Sparacia*